```
         IN THE UNITED STATES DISTRICT COURT
              FOR THE DISTRICT OF KANSAS
```

**GALEN L. HARRIS,**

                           **Plaintiff,**

                                                                  CIVIL ACTION
           vs.                                                     No. 03-3282-SAC

**BARTON COUNTY SHERIFF'S DEPT.,**
**et al.,**

                           **Defendants.**


<u>ORDER</u>

Plaintiff, a prisoner in the custody of the State of Kansas, proceeds pro se and in forma pauperis on a civil complaint, as later amended, filed under 42 U.S.C. § 1983.

Plaintiff seeks damages on his claim that defendants violated his constitutional rights while he was confined in the Barton County jail. Plaintiff states he injured his hand during an altercation with another prisoner, and that his requests for medical attention were ignored for three weeks. Plaintiff claims delay and inadequate medical attention to his injury resulted in compromised initial treatment for three broken fingers which are now partially deformed as a result.

The court reviewed the record and court dismissed the Barton County Sheriff's Department as a defendant in the lawsuit, found the amended complaint was subject to being dismissed without prejudice pursuant to 42 U.S.C. § 1997e(a) absent a greater showing of plaintiff's full exhaustion of available remedies on all claims

asserted in the amended complaint, and found plaintiff's claims of being denied equal protection and due process were subject to being dismissed because plaintiff's allegations of not being taken to the hospital for immediate treatment like the other prisoner[1] in the altercation were insufficient to state any such cognizable claim.

In response, plaintiff cites two sick call slips he submitted to jail staff shortly after his injury. These administrative requests, however, do not encompass plaintiff's complaints of subsequent delay in seeing a doctor and getting an x-ray, and do not address plaintiff's allegations of constant pain. Nor do the two sick call slips assert that plaintiff was not treated the same as the other prisoner who was injured. Accordingly, notwithstanding plaintiff's claim that he exhausted all remedies available at the facility, no exhaustion of administrative remedies is apparent on all claims asserted in plaintiff's amended complaint. The court thus finds the amended complaint should be dismissed pursuant to 42 U.S.C. § 1983. *See* Steele v. Federal Bureau of Prisons, 355 F.3d 1204, 1210 (10th Cir. 2003)(pleading requirement imposed by § 1997e(a) requires a prisoner to attach a copy of applicable administrative dispositions to the complaint, or to "describe with specificity the administrative proceeding and its outcome"), *cert. denied* 543 U.S. 925 (2004); Ross v. County of Bernalillo, 365 F.3d 1181 (10th Cir. 2004)(§ 1997e(a) requires "total exhaustion;"

---

[1] Plaintiff states the other prisoner went to the hospital for stitches. Plaintiff identifies no obvious bleeding wound he sustained that would have warranted similar treatment.

prisoner complaint containing a mixture of exhausted and unexhausted claims is to be dismissed).

Even if § 1997e(a) exhaustion requirement could be satisfied, the court finds the amended complaint would still be subject to being dismissed because plaintiff's allegations are insufficient to state a claim upon which relief can be granted under 42 U.S.C. § 1983. *See* 28 U.S.C. § 1915(e)(2)(B)(ii)("Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that...the action...fails to state a claim on which relief may be granted"). *See also* 42 U.S.C. § 1997e(c)(2)("In the event that a claim is, on its face, frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune form such relief, the court may dismiss the underlying claim without first requiring the exhaustion of administrative remedies.").

Plaintiff states he injured his hand on May 9, 2002. He asked to see a doctor and to be taken to the emergency room that day, but the attending nurse declined these requests and told plaintiff to apply ice. Plaintiff submitted a sick call slip the next day after being returned to the general population, and again on May 13, 2002. The next day he was told a doctor would be coming to the facility a week later. Twelve days after his injury, plaintiff saw a doctor on May 21, 2002, and was taken to an outside doctor (Dr. Hildebrand) the same day for evaluation. Dr. Hildebrand confirmed that plaintiff had broken fingers, and applied a metal splint and tape.

Plaintiff contends jail staff wrongfully denied him immediate medical care for his injury, and that delayed treatment resulted in some deformity in his fingers.

"A prison official's deliberate indifference to an inmate's serious medical needs is a violation of the Eighth Amendment's prohibition against cruel and unusual punishment." Mata v. Saiz, 427 F.3d 745, 751 (10th Cir. 2005). Relevant to the present case, plaintiff would have to show that his condition obviously necessitated a doctor's attention, and that jail staff could and did infer that a substantial risk of serious harm existed if no such attention was provided. *See* Garrett v. Stratman, 254 F.3d 946, 949 (10th Cir. 2001). The "accidental or inadvertent failure to provide adequate medical care, or negligent diagnosis or treatment of a medical condition, does not constitute a medical wrong under the Eighth Amendment." Ramos v. Lamm, 639 F.2d 559, 575 (10th Cir. 1980), *cert. denied*, 450 U.S. 1041 (1981). Medical malpractice does not become a constitutional claim simply because plaintiff is a prisoner. Estelle v. Gamble, 429 U.S. 97, 105-06 (1976).

Plaintiff's allegations state no cognizable claim under this constitutional standard. Contrary to plaintiff's claim that he was denied medical attention and treatment for three weeks, plaintiff reports he was seen by two doctors twelve days after his injury. Although plaintiff in fact sustained broken finger bones, his allegations are insufficient to show either an obvious need for more treatment than what was initially recommended by the nurse, or that any defendant was deliberately indifferent to plaintiff's medical

needs prior to plaintiff being seen by a doctor.

Accordingly, for the reasons stated herein, the court concludes the amended complaint should be dismissed.

IT IS THEREFORE ORDERED that the complaint as amended is dismissed without prejudice pursuant to 42 U.S.C. § 1997e(a).

**IT IS SO ORDERED.**

DATED:  This 27th day of July 2006 at Topeka, Kansas.


 s/ Sam A. Crow
SAM A. CROW
U.S. Senior District Judge